UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                            Criminal Case No. 13-20512

Terrance Walton,                     Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER

On July 25, 2013, Counsel for Defendant Terrance Walton ("Defendant" or "Walton") requested a competency hearing and judicial determination of Walton's mental competency to stand trial in this action. The Court granted the request for a competency hearing and ordered a psychological examination of Walton. On October 2, 2013, the Court conducted a competency hearing. For the reasons below, the Court concludes that Walton is competent to stand trial in this action.

This matter is also before the Court on the Government's motion seeking to revoke Walton's bond and have him detained pending trial. The Court held a hearing on this motion on October 2, 2013, which was continued on October 8, 2013. As explained below, the Court shall grant that motion, revoke Walton's bond, and order him detained pending trial.

**BACKGROUND**

This action was initiated via a criminal complaint on February 13, 2013. At his April 5, 2013 arraignment, Defendant was granted pre-trial release on bond. The Government did not

1

contest Defendant's pretrial release at that time.

Walton's retained counsel, Daniel Flint, has been representing him in this matter since April 12, 2013.

Walton was indicted in this action on July 11, 2013, and is charged with: 1) Possession with intent to distribute at least 28 grams of crack cocaine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(B) (Count One); 2) Felon in possession of a firearm, in violation of §§ 922(g)(1) and 924 (a)(2) (Count Two); and 3) Possession of firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.S. §924(c)(1)(A).

Sometime after he was indicted, the Government became aware that Walton has a 2006 felony drug conviction that was unknown to the Government when it agreed to Defendant's pretrial release. In 2006, Defendant pleaded guilty to the charges of conspiracy to possess with intent to distribute cocaine base, and felon in possession of a firearm.

During a Status Conference held on July 25, 2013, Defense Counsel requested a competency exam for Walton. Thereafter, Defense Counsel and the Government stipulated to the entry of an Order for Competency Examination. (Docket Entry No. 14). The Order for Competency Examination provided that Charles R. Clark, Ph.D. would perform a competency examination of Walton and submit a written report to the Court.

On September 13, 2013, the Government filed a "Sentencing Enhancement Information" stating:

> Pursuant to 21 U.S.C. § 851, the government informs the defendant, Terrance Walton, that he has the following prior convictions that the government will reply upon at sentencing:

| Date: | Case No. | Offense | Jurisdiction |
|---|---|---|---|
| 1/23/06 | 02-80596 | Conspiracy to possess with intent to distribute cocaine base | United States District Court, Eastern District of Michigan |
| 11/14/89 | 89-8443 | Possession of less than 25 grams of cocaine | 3rd Circuit Court, Detroit, Michigan |
| 11/14/89 | 88-9576 | Delivery/manufacture of less than 50 grams of cocaine | 3rd Circuit Court, Detroit, Michigan |

(Docket Entry No. 17).

On September 29, 2013, the Government filed a Motion to Revoke Bond and Detain the Defendant Pending Trial (Docket Entry No. 20).

**A.     Dr. Clark's Written Report**

Walton was examined by Charles R. Clark, Ph.D.  Dr. Clark examined him on August 22, 2013, and prepared a written report.  Dr. Clark's report reflects that his overall opinion is that Walton is feigning mental illness.  (Clark Report at 10).

Dr. Clark's report explains that the problems Walton exhibited during the examination "are not representative of genuine disabling symptoms or syndromes, whether due to physical causes such as HIV/AIDS, psychiatric disorders such as psychosis or depression, or even drug use."  (*Id*. at 8).  It further explains that Walton's presentation is "not indicative of a psychotic condition, such as schizophrenia or schizoaffective disorder" nor is it "indicative of delirium, such as might occur in association with high fever or central nervous system disorders."  (*Id*. at 8-9).  And "while AIDS and conditions including encephalopathies, traumatic brain damage and degenerative conditions such as Alzheimer's can produce dementia – severely impaired memory

3

and other cognitive functioning – the problems Mr. Walton presented are not indicative of dementia, for some of the same reasons they do not represent psychosis or delirium." (*Id*. at 9). "In short, there are no mental conditions or syndromes that would serve to explain Mr. Walton's presentation to me of gross disorientation, confusion, memory loss, and fantasy. He appears to be malingering." (*Id*. at 100).

Dr. Clark's Report ultimately concludes, "I cannot identify any basis for concluding that Mr. Walton is suffering from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. In my opinion, there is no reason at present to find him incompetent to stand trial." (*Id*.).

**B.**     **The October 2, 2013 Competency Hearing**

This Court held a competency hearing on October 2, 2013, which was attended by Walton. The following exhibits were introduced into evidence at the hearing: 1) Dr. Clark's current Curriculum Vitae (Government's Exhibit 1); and 2) Dr. Clark's written report (Government's Exhibit 2).

The Government began by calling Dr. Clark as a witness. Dr. Clark is a psychologist licensed to practice in Michigan and is board-certified in forensic psychology. He is the past President of the American Board of Forensic Psychology and has more than thirty years experience in forensic psychology. Consistent with his written report, Dr. Clark testified that in his professional opinion, Walton is feigning mental illness and that there is no basis to find him incompetent to stand trial in this action.

Dr. Clark testified that he reviewed various materials in connection with his evaluation of

Walton, including medical records from St. Mary's Hospital in Livonia, Michigan. He also testified as to his evaluation of Walton, and the various tests he performed. Those tests included mental arithmetic tests, tests directed at common knowledge questions, and a digital span test. Dr. Clark testified that, in his professional opinion, Walton was malingering and deliberately falsifying symptoms and problems that he does not actually have.

Dr. Clark further testified that was a stark contrast between Walton's presentation during the examination, where he presented with gross disorientation, confusion, memory loss, and fantasy, and his behavior following the conclusion of the interview, when Walton was faced with being left at the office without a ride home. During the interview, Walton claimed to not know his own name, birth date, or the names of either of his parents; claimed to believe that his own wife was actually a neighbor; and claimed to believe that he was inside his own home somewhere in California. At the conclusion of the interview, Dr. Clark could not find Walton's wife in the waiting room. He asked Walton what kind of car he was driven to the office in and Walton responded it was a blue car. When Dr. Clark looked in the office parking lot and reported there was no blue car to be seen, Walton came out of the office and directed Dr. Clark to a private parking lot across and "kitty-corner" to the office. Walton's wife was in that parking lot, emerging from her car. Dr. Clark testified that this incident further supports his conclusion that Walton is feigning mental illness.

In addition, Dr. Clark testified that his discussion with Walton's wife following the interview also supported his conclusion. She told him that she did not know what was going on with her husband. But Walton's wife did not report to Dr. Clark the very severe and bizarre symptoms that Walton presented with during the interview – such as not knowing his own name,

5

not knowing his own wife, believing he was in California, etc.

The Government also called Pretrial Services Officer Susan Dely as a witness. Ms. Dely testified that she was assigned to monitor Walton while he was on release in this case. She monitored Walton from April 5th until August 27th, 2013. During that time, she met with Walton eleven times. Ms. Dely had no concerns regarding Walton's competency. She testified that Walton appeared normal and had no difficulty answering questions or communicating with her.

Pursuant to 18 U.S.C. § 4247(d), Walton was provided the opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appeared at the hearing.

Walton, through his counsel, called Pretrial Services Office Susan Gilmore as a witness. Ms. Gilmore began supervising Walton in August, 2013. She has met with Walton approximately five times since that time. She testified that she has had some difficulty communicating with Walton and that at times he is elusive and, while he appears to understand her questions, he has trouble "staying on track." She does not believe that Walton is "faking" those symptoms. Gilmore, while an experienced and respected Pretrial Services Officer, is not a psychologist.

Neither Walton nor his wife testified at the competency hearing. The Defense did not request an additional evaluation of Walton by another psychologist.

**C.     The Hearing On The Government's Motion To Revoke Bond**

On October 2, 2013, the Court also heard argument from Counsel regarding the Government's Motion to Revoke Walton's Bond. The hearing was continued on October 8, 2013.

The Government asserts that Walton should be detained and held pending trial because 1) he is obstructing justice by feigning incompetency; 2) he has multiple drug convictions, including a federal conviction of which the Government was not aware of when it agreed to Walton's pretrial release; 3) two of the charges against Defendant carry a presumption of detention; and 4) Defendant has a strong incentive to flee given the mandatory minimum sentence of fifteen (15) years that he faces.

## ANALYSIS

**I.     The Court Finds That Defendant Walton Is Competent To Stand Trial**

The question before this Court is whether Walton is incompetent to stand trial. In order for Walton to be deemed incompetent to stand trial in this action, this Court[1] must determine that, by a preponderance of the evidence, Walton is presently suffering from a mental disease or defecting rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(d).

"The determination of whether a defendant is mentally competent to stand trial is a question left to the sound discretion of the district court, with the advice of psychiatrists [or other mental health professionals]. The medical opinion of experts as to the competency of a defendant to stand trial is not binding on the court, since the law imposes the duty and

---

[1] It is "well settled that the question of competency of a defendant to stand trial under 18 U.S.C. §§ 4244-4246 is to be determined by the district judge alone and that a defendant is not entitled to a trial by jury to determine the issue." *United States v. Davis*, 365 F.2d 251, 256 (6th Cir. 1966).

responsibility for making the ultimate decision of such a legal question on the court and not upon medical experts." FED. PROC. § 22:549, *Hearing and Determination as to Competency; United States v. Davis,* 365 F.2d 251, 256 (6th Cir. 1966).

After careful consideration of the expert report submitted by Dr. Clark, the testimony of Dr. Clark, Pretrial Services Officer Susan Dely, and Pretrial Services Officer Susan Gilmore, given at the October 2, 2013 hearing, and having observed the behavior and demeanor of Walton at the October 2, 2013 hearing and other prior appearances in this matter, this Court concludes that Walton is competent to stand trial in this matter.

The Court notes that the only expert who examined Walton testified that, in his professional opinion, Walton is competent to stand trial. Thus, there has been no expert testimony presented to the Court indicating that Walton is not competent to stand trial. Moreover, the Court fully credits Dr. Clark's testimony, and agrees with his conclusion that Walton is malingering and feigning mental illness.

Accordingly, the Court finds, by a preponderance of the evidence, that Walton is NOT presenting suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court finds that Walton is competent to stand trial in this action.

**II.   The Court Shall Grant The Government's Motion, Revoke Defendant Walton's Bond, And Order Him Detained Pending Trial**

The Government is seeking to have Defendant Walton detained pending trial. In order for a defendant to be detained, the Government must generally establish: 1) by a preponderance

of the evidence, that the defendant is a flight risk, or 2) by clear and convincing evidence, that the defendant is dangerous to another person or the community. *United States v. Hinton*, 2007 WL 106572 (E.D. Mich. 2007). A court may order detention of a defendant if, by clear and convincing evidence, the court finds that no set of conditions will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142 (f).

Here, however, it is undisputed that two of the charges in the Indictment trigger a presumption of detention under 18 U.S.C. § 3142(e)(3). The presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id*. "The presumption remains a factor because it is not simply an evidentiary tool designed for the court. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.*

Regardless of whether the presumption applies, the Government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community. *Stone*, 608 F.3d at 946. In determining whether the government has met that burden of persuasion, the Court considers the following factors:

> 1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor or a controlled substance;
>
> 2) the weight of the evidence against the person;
>
> 3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history

>relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

As explained below, this Court finds that these factors weigh in favor of detention and that no condition or combination of conditions will reasonably assure Walton's appearance and the safety of the community. The Court concludes that Walton is both a flight risk and a danger to the community.

### A. Nature and Circumstances of the Offense Charged

Walton is charged with possession with intent to distribute at least 28 grams of crack cocaine, felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking offense, which are all serious offenses with a combined mandatory minimum sentence of at least 15 years. This factor weighs heavily in favor of detention.

### B. Weight of the Evidence Against Defendant

The weight of the evidence against Walton is strong. Walton allegedly confessed to possessing cocaine with the intent to distribute it after he was read his *Miranda* rights on the day the cocaine and guns were seized from his home.

### C. Defendant's History and Characteristics

This is the factor that the Government argues most fervently in favor of detaining the Defendant. First, the Government claims that Walton is feigning incompetency, thereby obstructing justice, and that his behavior proves that Walton is both a flight risk and a danger to his community. The Government also points out that this Court has supported bond revocation

in the past when a defendant had been found to be feigning incompetency. *See, e.g.*, *U.S. v. Eldridge*, Case No. 08-20011 (E.D. Mich. 2008)(Docket Entry Nos. 101 & 113) (Defendant found to have feigned incompetency, and this Court ultimately granted Government's Appeal of Magistrate Judge's Order for Bond). The Government also argues that Walton has a strong incentive to delay trial as long as possible, since he is out on bond and faces a potentially lengthy mandatory minimum sentence if convicted.

The Government claims that Walton is a "long-time drug dealer." Recently, on September 13, 2013, the Government filed a Sentencing Enhancement Information based on three of Walton's prior drug convictions dating back to 1989. (Doc. Entry No. 17). Given Walton's prior criminal history and incentive to delay trial, the Court agrees that this factor weighs in favor of detention.

### D. The Nature and Seriousness of the Danger Posed by the Defendant's Release

The Court further concludes that Walton poses a serious danger to the community justifying pretrial detention due to his long history of selling cocaine and possessing firearms, even after being convicted for both offenses. This Court agrees with the Government that Walton poses a flight risk and a danger to his community.

### CONCLUSION & ORDER

For the reasons above, this Court **ORDERS** that Walton is competent to stand trial in this action.

**IT IS FURTHER ORDERED** that the Government's Motion to Revoke Bond and Detain Defendant Pending Trial is **GRANTED**. The Court hereby **REVOKES** Defendant Walton's bond and orders that he be **REMANDED** to the custody of the United States Marshal

pending trial in this matter.

**IT IS SO ORDERED**.

                                                                S/Sean F. Cox  
                                                                Sean F. Cox  
                                                               United States District Judge

Dated: October 8, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 8, 2013, by electronic and/or ordinary mail.

                                                                S/Jennifer McCoy  
                                                                Case Manager