UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                  Criminal Case No. 13-20512

Terrance Walton,                                        Sean F. Cox
                                                                    United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Terrance Walton ("Defendant") was convicted of drug and firearms offenses and was sentenced to 132 months' imprisonment. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). Defendant asks to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion because: 1) Defendant poses a danger to the community and thus his release would not be consistent with applicable policy statements issued by the Sentencing Commission; and 2) because the 18 U.S.C. § 3553(a) sentencing factors do not favor his release.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to Possession with Intent to Distribute Over 28 Grams of Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and

Possession of a Firearm in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A).  This Court sentenced Defendant to a total term of 132 months' imprisonment.

Defendant is 51 years old.  It is undisputed that Defendant is HIV positive.  His medical records indicate that he has hypertension and has been prescribed medications for that and for esophageal reflux.  They also indicate that Defendant tested positive for COVID-19 but has since recovered.

Defendant has filed several written submissions that this Court construes as seeking Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). The Government acknowledges that Defendant exhausted his administrative remedies but opposes the motion on the merits.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction."  On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under

18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted). *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, Defendant is 51 years old and is HIV positive. His medical records indicate that he has hypertension and has been prescribed medications for that and esophageal reflux. They also indicate that Defendant already tested positive for COVID-19 but has since recovered. Even if Defendants' medical conditions satisfied the first eligibility threshold for compassionate release during this pandemic, the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community.

Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant was selling crack cocaine and unlawfully possessing a firearm while doing so.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct was serious, as he

was selling crack cocaine and unlawfully possessing a firearm while doing so.  And Defendant had a prior federal drug conviction before the offense in this case.  Defendant has also been disciplined in prison.  Allowing Defendant to be released three years early would not promote respect for the law, provide just punishment, and avoid unwanted sentencing disparities.  This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 9, 2020